14-1208-cv
Berg v. Sorbo

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand fifteen.

PRESENT: REENA RAGGI,
　　　　　RICHARD C. WESLEY,
　　　　　GERARD E. LYNCH,
　　　　　　　　*Circuit Judges.*
-----------------------------------------------------------------------
ERICA BERG,
　　　　　　　　*Plaintiff-Appellee,*


　　　v.　　　　　　　　　　　　　　　　　　No. 14-1208-cv

MICHAEL SORBO,
　　　　　　　　*Defendant-Appellant.*
-----------------------------------------------------------------------
FOR APPELLEE:　　　　　　　Kevin Smith, Esq. New Haven, Connecticut; Glenn Mead Conway, Conway Law Firm, LLC, New Haven, Connecticut.

APPEARING FOR APPELLANT:　　JOHN F. CONWAY, (James E. Ringold, *on the brief*), Loughlin FitzGerald, P.C., Wallingford, Connecticut.

Appeal from an order of the United States District Court for the District of Connecticut (Michael P. Shea, *Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal is DISMISSED for lack of appellate jurisdiction.

Defendant Michael Sorbo, an East Haven, Connecticut police officer, appeals from a March 19, 2014 order denying him summary judgment based on qualified immunity from plaintiff Erica Berg's claims under federal and state law for, inter alia, false arrest, malicious prosecution, and violations of First and Fourteenth Amendment rights. We review a district court's denial of summary judgment on qualified immunity grounds de novo. See Coollick v. Hughes, 699 F.3d 211, 219 (2d Cir. 2012). We assume the parties' familiarity with the facts and procedural history of this case, which we reference only as necessary to explain our decision to dismiss for lack of jurisdiction.

Under the collateral order doctrine, we have jurisdiction to review a denial of summary judgment based on qualified immunity "to the extent that the district court has denied the motion as a matter of law." O'Bert ex rel. Estate of O'Bert v. Vargo, 331 F.3d 29, 38 (2d Cir. 2003). For that doctrine to apply, "the qualified-immunity denial must present a legal issue that can be decided with reference only to undisputed facts and in isolation from the remaining issues of the case." Britt v. Garcia, 457 F.3d 264, 271 (2d Cir. 2006) (internal quotation marks omitted). This "review extends to whether a given factual dispute is 'material' for summary judgment purposes, . . . not . . . whether a dispute of fact identified by the district court is 'genuine.'" Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004); accord McColley v. Cnty. of Rensselaer, 740 F.3d 817, 822 (2d Cir. 2014). Thus, we may exercise appellate jurisdiction "if the defendant contests the existence of a dispute or the materiality thereof, or contends that he is entitled to qualified

2

immunity even under plaintiff's version of the facts." <u>Cowan ex rel. Estate of Cooper v. Breen</u>, 352 F.3d 756, 761 (2d Cir. 2003) (internal quotation marks and alterations omitted). That is not this case.

Berg, then a confidential assistant to the Mayor of East Haven, contends that Sorbo knowingly misrepresented facts to secure a warrant for her arrest on the misdemeanor offense of interfering with a police officer. <u>See</u> Conn. Gen. Stat. § 53a-167a. The alleged interference pertained to Sorbo's orders to tow vehicles obstructing the movement of cars parked near an East Haven restaurant. Sorbo does not contest the existence of material issues of disputed fact respecting two grounds for Berg's arrest: (1) her alleged removal of police-issued tickets from certain cars designated for towing, and (2) her alleged taking of another ticket from a woman in the parking lot. Rather, he contends that, even assuming resolution of these disputes in Berg's favor, the district court was compelled to grant him qualified immunity on a third ground: Berg's instruction to tow truck driver John Conway that he was not to remove any vehicles until the Mayor of East Haven arrived on the scene. Sorbo submits that a reasonable officer could have thought such conduct constituted the misdemeanor offense of interfering with a police officer, providing at least arguable probable cause to support qualified immunity. <u>See</u> <u>Escalera v. Lunn</u>, 361 F.3d at 743 (stating that arguable probable cause exists if "it was objectively reasonable for the officer to believe that probable cause existed," or "officers of reasonable competence could disagree on whether the probable cause test was met").

3

The problem with Sorbo's argument, as the district court recognized, is that his warrant affidavit does not say that Berg <u>instructed</u> Conway not to move cars. Sorbo's affidavit states only that Berg <u>asked</u> Conway to await the mayor's arrival before doing so. The difference between a directive and a request is material given Connecticut precedent holding that merely questioning police authority or even protesting police actions does not constitute proscribed interference with an officer. See <u>State v. Williams</u>, 534 A.2d 230, 238 (Conn. 1987) (construing statute to "exclude[] situations in which a defendant merely questions a police officer's authority or protests his or her action").

In urging otherwise, Sorbo invokes the "corrected affidavits" doctrine. See <u>Escalera v. Lunn</u>, 361 F.3d at 743–44 (stating that, under "corrected affidavits doctrine," "we look to the hypothetical contents of a 'corrected' application to determine whether a proper warrant application, based on existing facts known to the applicant, would still have been sufficient to support arguable probable cause to make the arrest as a matter of law" and thereby entitle officer to qualified immunity). He submits that his own affidavit's report of what Conway told him should be "corrected" to comport with Conway's affidavit, which states, <u>inter alia</u>, that Berg "instructed" him not to move cars before the mayor arrived.

To be sure, Conway, not Sorbo, had first-hand knowledge of what Berg said to him. But the material dispute for purposes of our qualified immunity review is not what Berg said to Conway, but rather what Conway later told Sorbo Berg had said. See <u>Martinez v. Simonetti</u>, 202 F.3d 625, 634 (2d Cir. 2000) (holding that officer claiming qualified immunity can rely on eyewitness statement when making probable cause

4

determination). Sorbo was as competent as Conway to speak to this issue. At the conclusion of his affidavit, Conway states that he told Sorbo the facts contained therein. While this might be understood to include the fact of Berg's purported instruction not to move cars, nowhere does Conway expressly say so. Meanwhile, Sorbo himself, in reporting what Conway told him to the issuing judge, attributed to Berg only a request, not an instruction. To the extent Sorbo now seeks to adopt Conway's version of their conversation as his own, he raises a credibility issue that cannot be determined as a matter of law.

We express no view as to how the identified factual disputes may be resolved at trial. We conclude only that, on summary-judgment review, there is a material factual discrepancy about what Sorbo knew of Berg's interactions with Conway that prevents arguable probable cause and qualified immunity from being decided as a matter of law.

We have considered Sorbo's remaining arguments and conclude that they are without merit. Accordingly, the appeal is DISMISSED for lack of appellate jurisdiction.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5